Nashua Municipal Court,
No. 4764.

### STATE *v*. EDWARD J. MILLER.

Argued September 2, 1959.

Decided October 6, 1959.

*Louis C. Wyman*, Attorney General, *Irma A. Matthews*, Law Assistant and *Conrad Danais*, county attorney (*Irma A. Matthews* orally), for the State.

*Nicholas Pantelas* (by brief and orally), for the defendant.

LAMPRON, J. Defendant contends that the State failed to sustain its burden of proving that Canal Street in Nashua was a public highway. *State* v. *Duranleau*, 99 N. H. 30, 31.

The State requested the defendant to agree to that fact and on his refusal to do so the reserved case states that "although the prosecution made no specific requests to the Court . . . the Court then stated 'I will take judicial notice that Canal Street in Nashua is a public highway.'" Defendant's counsel states in his brief that he "has no recollection of having heard . . . that the Court was taking judicial notice that Canal Street in Nashua was a public highway. Though the Court took detailed notes during the course of the trial . . . that fact . . . was not in the said notes."

There is no record before us other than the reserved case as to what was said and done by the court at the trial. The court's statement of the proceedings as drawn up and transferred to this court is controlling. RSA 502:24; see *Watson* v. *Walker*, 33 N. H. 131, 141; *Daniels* v. *Barker*, 89 N. H. 416, 420. It appears from the reserved case that defendant should have been aware that the court was taking judicial notice that Canal Street was a public highway. This was sufficient to sustain the State's burden of proof on the issue in the absence of any contradictory evidence. *State* v. *Day*, 101 N. H. 289, 290.

The fact that the court took judicial notice on its own motion instead of upon request of the State is immaterial as it was done in a manner designed to notify defendant of the court's action and thus afford him an opportunity to dispute the matter judicially noticed. *State* v. *Deane*, 101 N. H. 127; *State* v. *Duranleau, supra,* 33.

To convict the defendant of a second offense there must be an allegation and proof by the State of a prior conviction of operating a motor vehicle upon a public way while under the influence of intoxicating liquor. *State* v. *Adams,* 64 N. H. 440; *Cedergren* v. *Clarke,* 99 N. H. 421, 423. Defendant contends there was insufficient proof of such prior conviction.

The clerk of the Nashua municipal court testified that an Edward J. Miller was arrested and an Edward Miller, charged with driving while intoxicated on a public highway on January 23, 1953, and convicted of that offense the following day as alleged in the complaint in the present action. The complaint and warrant relating to the prior offense was introduced in evidence and made an exhibit without objection. It showed that the offense occurred in Nashua, that the defendant resided in Nashua and that his date of birth was October 19, 1918. There was also evidence that defendant Edward J. Miller charged with a second offense resided in Nashua and was born on October 19, 1918.

Whether the State has sustained the burden of establishing the identity of the accused with a person previously convicted is a question of fact for the trial court whose finding will be sustained if supported by the evidence. 11 A. L. R. (2d) 870, 878. We are of the opinion that the evidence detailed above warranted a finding that the same defendant was involved in both offenses. *State* v. *Barry,* 93 N. H. 10, 13; *State* v. *Kilcoyne,* 82 N. H. 432, 433; *cf. Sampson* v. *Conlon,* 100 N. H. 358.

*Exceptions overruled.*

All concurred.