Manchester District Court,
No. 5311.

STATE *v.* LUCIEN L. DOUCET.

Argued February 3, 1965.
Decided March 31, 1965.

*William Maynard,* Attorney General and *Irma A. Matthews,* Attorney (*Mrs. Matthews* orally), for the State.

*Danais & Danais* and *Edward J. McDermott* (*Mr. McDermott* orally), for the defendant.

KENISON, C.J.  The defendant correctly argues that the State must both allege and prove two convictions if the defendant is

to be found guilty of driving a motor vehicle while under the influence of intoxicating liquor, second offense. RSA 262:19 (supp); RSA 262-A:62 (supp). *Cedergren* v. *Clarke*, 99 N. H. 421. When greater penalties are prescribed for a second offense or a subsequent offense, they cannot be imposed without allegation and proof of a prior conviction. *State* v. *Adams,* 64 N. H. 440, 441. While there are several alternative methods of proving the previous conviction (*State* v. *Blais*, 104 N. H. 214) the burden is on the State to introduce evidence thereof as required by the statute. *State* v. *Cardin*, 102 N. H. 314. It is thus clear that the defendant could not be convicted for a second offense in this case. From this vantage point the defendant contends that he can be convicted of no offense and that the action of the trial judge constituted an amendment of the criminal complaint which was unlawful and unconstitutional.

Where there is no evidence to support the part of a criminal complaint which charged a second offense, it is proper to proceed with the trial of the defendant as for a first offense. In *Commonwealth* v. *Barney*, 258 Mass. 609, the defendant was charged with operating a motor vehicle on a public way "while under the influence of intoxicating liquor, said offense being a second offense." There was evidence sufficient to show a single offense but no evidence to establish the allegation of a second offense. The court there ruled that the jury were properly instructed to disregard the allegation of second offense as not supported by evidence and consider whether the defendant had committed a first offense. Such a procedure is not considered an amendment of the indictment or criminal complaint by the presiding justice. *Salinger* v. *United States*, 272 U. S. 542; 5 Wharton's Criminal Law and Procedure *s.* 2056; *Vincent* v. *United States*, 337 F. 2d 891 (8th Cir. 1964); *Overstreet* v. *United States*, 321 F. 2d 459 (5th Cir. 1963).

*Defendant's exceptions overruled; remanded.*

BLANDIN, J., did not sit; the others concurred.