Hillsborough
No. 7593

STATE OF NEW HAMPSHIRE

v.

JAMES L. LANTAIGNE, JR.

March 31, 1977

*David H. Souter,* attorney general, and *Anne E. Cagwin* (*Ms. Cagwin* orally) for the state.

*James M. Winston,* of Manchester, by brief and orally, for the defendant.

GRIMES, J. In this proceeding under the habitual offender act, RSA ch. 262-B, to revoke the defendant's driving license, the issues are whether the proceeding is civil or criminal, whether a prior

conviction relied upon was invalid because of lack of counsel, and whether it can be found that defendant "wilfully" operated without a valid license within the meaning of RSA 262-B:2 I (Supp. 1972). We uphold the finding of the trial court that defendant is a habitual offender.

The matter was submitted to the trial court on the information, the answer and photocopies of the complaints pertaining to the convictions involved. Defendant was found to be a habitual offender and his exceptions were transferred by *Flynn*, J.

Defendant's contention that proceedings under RSA ch. 262-B (Supp. 1972) are criminal and not civil has been decided against him in *State v. Bowles*, 113 N.H. 571, 311 A.2d 300 (1973), and we have had nothing presented to us in this case which induces us to depart from that decision. The criminal penalties provided in RSA 262-B:7 (Supp. 1972) for those who operate a motor vehicle in violation of a habitual-offender order relate to subsequent proceedings and not to the habitual offender proceeding itself.

RSA 262-B:2 I (Supp. 1972) as it existed in 1972 when defendant was tried included among the convictions to be counted to make a person a habitual offender the following: "(d) Driving a motor vehicle while his license . . . has been suspended or revoked in violation of RSA 262:27-b" and "(e) Wilfully operating a motor vehicle without a license so to do."

The record shows that defendant pleaded guilty to operating a motor vehicle without a license on June 21, 1971, and again on November 5, 1971. The fact that there was an error in the designation of the statute alleged to have been violated as between RSA 262:1 as alleged and RSA 261:1 where the prohibition is found is not fatal. The reference to the statute was surplusage. RSA 601:4. The complaints "fully, plainly, substantially and formally" set forth the offense of driving without a valid license contrary to RSA 261:1 and RSA 262:27-a (Supp. 1972). *See* Laws 1967, ch. 281:1. The "Unless otherwise herein provided" provision of the general penalty section (RSA 262:28) removes any real conflict between the penalty provisions therein and those set forth in RSA 262:27-a (Supp. 1972). Although defendant was convicted twice within one year of driving without a valid license, there was no allegation of a prior conviction and therefore the augmented penalty applicable for a "second conviction" could not have been imposed. *State v. Doucet*, 106 N.H. 225, 208 A.2d 456 (1965);

*Cedergren v. Clarke,* 99 N.H. 421, 112 A.2d 882 (1955). *State v. Partlow,* 117 N.H. 78, 369 A.2d 221 (1977), is not authority to the contrary. That case was decided under a different statute, RSA 637:11 II(b), and the question raised here was not raised there. The penalty could not, therefore, involve a loss of liberty and defendant would not have been entitled to counsel at the expense of the state under N.H. CONST. pt. 1, art. 15. Therefore his claim that the conviction was invalid because of lack of counsel cannot prevail.

Defendant further argues that because RSA 262-B:2 I(e) (Supp. 1972) as it existed in 1972 specifies *"Wilfully* operating" (emphasis added) without a license and because wilfulness was not alleged in either of the two convictions relied upon, they cannot be the basis of a determination that he is a habitual offender. Nowhere in the statute, however, is there an offense of *wilfully* operating without a valid license. The legislature could not have intended to rely upon a nonexistent statute. Rather, it was intended that wilfulness be determined in the habitual offender proceeding: RSA 626:2 IV defines "wilfully" as when a person "acts knowingly with respect to the material elements of the offense . . . ." Although this act was not in effect when defendant's acts were committed, we are satisfied that this was the sense in which the word was used in RSA 262-B:2 I(e) (Supp. 1972). Defendant pleaded guilty to the two charges and the trial court's finding of wilfulness was justified.

Because the record shows two convictions for operating without a valid license and one for operating after his license had been revoked in violation of RSA 262:27-b (Supp. 1972) at which time he was represented by counsel, the finding that he is a habitual offender was proper.

*Exceptions overruled.*

All concurred.