Hillsborough
No. 86-104

## THE STATE OF NEW HAMPSHIRE

v.

## PAUL CARDIN

March 5, 1987

*Stephen E. Merrill*, attorney general (*John S. Davis*, attorney, on the brief and orally), for the State.

*Ray Raimo*, of Manchester, by brief and orally, for the defendant.

BATCHELDER, J.  The defendant appeals his conviction in Superior Court (*C. Flynn*, J.) of driving under the influence of liquor

(DWI), second offense, pursuant to RSA 265:82. We reverse and remand for a new trial to be conducted in a manner consistent with this opinion.

The defendant, Paul Cardin, was previously convicted of DWI in 1983. On April 2, 1985, he was arrested again for DWI. After he was found guilty in a trial without jury in Merrimack District Court (*Morrill*, J.), he appealed to the superior court for a trial de novo before a jury. In superior court, he filed a motion *in limine* offering to stipulate that the prior conviction was valid and requesting that the court order the State to make no mention of the prior conviction during the trial. The court denied this motion; the State presented the prior conviction to the jury, resulting in a conviction; and the defendant appeals. Because we reverse on this issue, we need not address the two other errors alleged by the defendant.

In regard to the motion *in limine*, the State's argument derives entirely from the principle that a defendant cannot be convicted of the misdemeanor of DWI, second offense, unless the States proves the defendant was properly convicted of DWI once before. As authority for this principle, the State refers us to the language of former RSA 265:82, which was in effect at the time of the defendant's trial ("Upon conviction based on a complaint which alleges that the person has had one or more prior convictions . . . and said prior conviction or convictions are proven . . . , such person shall be guilty of a misdemeanor. . . ."), and to *State v. Miller*, 102 N.H. 260, 263, 154 A.2d 699, 701 (1959) (whether the State has established that the accused was previously convicted is a question of fact for the trial court). The State takes this authority to mean that the prior conviction is an element of the offense, and that evidence of it consequently must be introduced, even in the form of a stipulation by the defendant.

■ The State's argument misconceives the issue. The statute requires proof of prior conviction not as an element of the present charge, but rather as a predicate condition for enhancement of the sentence upon conviction for the present offense. This follows inescapably from *State v. Goding*, 126 N.H. 50, 52, 489 A.2d 579, 580 (1985), where we held that the legislature's act of making DWI, second offense, a misdemeanor did not incorporate any of the *mens rea* requirements of the Criminal Code. *Goding* explains that DWI is a strict liability offense and that the purpose of the legislative creation of a special category for repeat offenders was not to add an element to the offense, but to permit greater punishment.

■ In the present case, unlike the situation in *State v. Miller*, 102 N.H. at 262, 154 A.2d at 701, the defendant has offered to stipu-

late that the prior conviction was valid. Recently, in *State v. O'Leary*, 128 N.H. 661, 670, 517 A.2d 1174, 1180 (1986) (citing *Connecticut v. Johnson*, 460 U.S. 73, 87 (1983)), we indicated that a defendant may take an issue away from the jury by raising a particular defense or by other action. Here, the defendant's offer to stipulate was such an action. *State v. Hickey*, 129 N.H. 53, 60, 523 A.2d 60, 65 (1986). Thus, since the prior conviction is relevant only to sentencing, and the defendant has stipulated to its validity, the jury has no need to know of it. If, however, the defendant wishes to contest the validity of the prior conviction, he may do so by a proper motion *in limine*. If the trial judge denies the motion, he will either (1) submit the issue of the record of the prior conviction to the jury, where it becomes part of the State's case-in-chief, or (2) remove it from the jury's consideration based on a limited stipulation as to its existence of record, subject to the defendant's right to appeal the legal issue of its validity.

However, we add that on remand and in future trials for DWI, second offense, when a defendant stipulates to the validity of a prior conviction or convictions within seven years of the present alleged offense, the trial judge is not to remove the issue from the jury unless the defendant also clearly waives his right to require that the jury find it beyond a reasonable doubt and clearly accepts that, should the jury return a verdict of guilty, the trial judge will use the stipulation to enhance the sentence. Further, the defendant, and not just counsel, must state these positions to the court. *See State v. Hewitt*, 128 N.H. 557, 561, 517 A.2d 820, 822–23 (1986).

*Reversed and remanded.*

All concurred.