Hillsborough-northern judicial district
No. 92-424

### The State of New Hampshire

v.

### Kevin Lougee

September 30, 1993

*Jeffrey R. Howard*, attorney general (*Amy Vorenberg*, assistant attorney general, on the brief), by brief for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief for the defendant.

Brock, C.J.   The defendant, Kevin Lougee, was convicted of driving while under the influence of intoxicating liquor, second of-

fense, after a jury trial in the Superior Court (*Flynn*, J.). On appeal, he argues that the State failed to offer sufficient evidence at trial to prove that he had been previously convicted of driving under the influence. We agree with the defendant and remand.

On October 23, 1990, the defendant was arrested and charged with driving while under the influence of intoxicating liquor, second offense, under RSA 265:82 (1982) and RSA 265:82-b (1982 & Supp. 1990) (amended 1991). At trial, the State offered what was purportedly the defendant's driving record to prove that the defendant had been convicted of driving under the influence once before. The driving record was that of a Kevin Lougee, born on September 9, 1963, and having the operator's license number 09LEK63091. The driving record indicated that Kevin Lougee had been convicted in Nashua for driving under the influence on December 11, 1983. Through the testimony of a department of safety official, the State also established that there are three people named Kevin Lougee who are licensed to drive in New Hampshire. The first is Kevin Roy Lougee, whose record was produced at trial. The second is Kevin Leon Lougee, who was born on September 30, 1955, and lives in Spofford. The third is Kevin J. Lougee, who was born on November 23, 1972, and lives in St. Johnsbury, Vermont.

The trial court specifically instructed the jury that in order to convict the defendant of the charged offense it would have to find beyond a reasonable doubt that the defendant had been "convicted of driving under the influence of intoxicating liquor within the past seven years; namely, on December 11, 1983." The jury returned a verdict of guilty. The defendant appeals arguing that the evidence was insufficient to prove that the Kevin Lougee standing trial was the same Kevin Lougee whose driving record was offered into evidence.

The statute establishing penalties for driving under the influence, RSA 265:82-b (1982 & Supp. 1990) (amended 1991), "requires proof of prior conviction not as an element of the present charge, but rather as a predicate condition for enhancement of the sentence upon conviction for the present offense." *State v. Cardin*, 129 N.H. 137, 138, 523 A.2d 105, 106 (1987). However, unless the defendant clearly waives his right to present the issue to the jury, proof of the defendant's prior conviction must be made beyond a reasonable doubt as part of the State's case-in-chief. *Id.* at 139, 523 A.2d at 106. We will not disturb the defendant's conviction on the grounds of insufficient evidence unless "no rational trier of fact, viewing the evidence most favorably to the State, could have found

guilt beyond a reasonable doubt." *State v. Evans*, 134 N.H. 378, 383, 594 A.2d 154, 158 (1991) (quotation omitted); *State v. Murray*, 129 N.H. 645, 650, 531 A.2d 323, 327 (1987).

■ ■ To sustain the enhanced sentence in this case, the State necessarily had to prove that the Kevin Lougee being tried was the same Kevin Lougee identified in the driving record. "This court has held that, when a person's identity is questioned, sameness of name is insufficient evidence of identity, even when the name is unusual." *State v. Ebelt*, 121 N.H. 143, 145, 427 A.2d 29, 30 (1981). The State argues that the jury had sufficient evidence to convict based on the information given about the three Kevin Lougees who are licensed to drive in New Hampshire. Based on their recorded dates of birth, the State established that at the time of trial the ages of the three Kevin Lougees were thirty-five, twenty-seven, and eighteen years. The State asserts that the jury had a chance to observe the defendant and could have concluded that the defendant was neither thirty-five, nor eighteen, and therefore must have been the twenty-seven-year-old whose record was presented at trial.

This evidence is insufficient to link the defendant to the driving record because there was no evidence at trial that the defendant was one of the three Kevin Lougees licensed to drive in New Hampshire. Even if the jury could have concluded that the defendant was neither thirty-five nor eighteen years old, there was no evidence to show that the defendant was not a Kevin Lougee who was licensed in another State or who had no license. The State failed to introduce any evidence relevant to the defendant's date of birth, home address, or operator's license number. No evidence was offered to prove that the defendant had a New Hampshire license or any operator's license. Without some evidence beyond the defendant's name to link him to the driving record produced at trial, we hold that no reasonable jury could have found beyond a reasonable doubt that the driving record was that of the defendant.

■ We also reject the State's argument that issues involved in establishing a defendant's prior conviction are best decided by a judge through a motion *in limine* rather than by a jury. A defendant may contest the validity of a prior conviction by a motion *in limine*. If that motion is denied, however, we recognized in *Cardin* that the defendant may put the issue before the jury and have it proven beyond a reasonable doubt as part of the State's case-in-chief. *Cardin*, 129 N.H. at 139, 523 A.2d at 106. We see no reason to abandon this approach in such prosecutions.

Although the defendant's sentence for driving while under the influence of intoxicating liquor, second offense, cannot stand, the parties have not addressed what the appropriate remedy should be. Accordingly, we leave that issue to be decided in the first instance by the trial court, and remand for further proceedings consistent with this opinion.

*Remanded.*

All concurred.