Belknap
No. 99-278

THE STATE OF NEW HAMPSHIRE

v.

AMERIGAS PROPANE LP, INC.

April 9, 2001

*Philip T. McLaughlin*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*Nicholas K. Holmes* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, AmeriGas Propane LP, Inc., appeals its conviction for knowingly failing to vent a propane furnace in accordance with the State fire code. *See* RSA 153:5 (Supp. 2000), :24 (1994). On appeal, it argues that the Superior Court (*Perkins*, J.) erred by not dismissing the charges as barred by the statute of limitations. *See* RSA 625:8, I(c) (Supp. 2000). Because we reverse on this ground, we do not reach the defendant's other arguments.

The parties do not dispute the following facts. On September 17, 1996, two of the defendant's employees repaired the venting system for a propane floor furnace in a Belmont cottage. Two months later, in November 1996, the cottage owner's son died in the cottage of carbon monoxide poisoning.

The State Fire Marshal's office began investigating on November 22, 1996. Although the investigator noticed that the furnace's horizontal vent connector was incorrectly sloped, he did not measure the connector until March 1997, when he found it did not slope upward at the required angle.

On March 12, 1998, the State charged the defendant with violating the State fire code. All of the charges stemmed from the defendant's work on the cottage's propane furnace on September 17, 1996. One charge concerned the defendant's failure to slope the horizontal vent connector properly. Before trial, the defendant moved to dismiss this charge on the ground that it was untimely. The trial court denied the defendant's motion, ruling that "the conduct at issue . . . is in the nature of a continuing offense and thus the [S]tate's informations were timely filed." The court ruled that the applicable statute of limitations did not begin to run until the State's

investigation was completed in March 1997. The defendant was convicted and appealed.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Hatt*, 144 N.H. 246, 247 (1999) (quotation omitted).

> We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Although we look to the plain and ordinary meaning of the statutory language in determining legislative intent, we will not read the words and phrases in isolation, or add words that the legislature chose not to include.

*Id.* (citations and quotation omitted).

RSA 625:8 requires that prosecutions for misdemeanors be brought within one year. *See* RSA 625:8, I(c). Unless certain statutory exceptions apply, *see* RSA 625:8, III, this "[t]ime begins to run on the day after all elements of an offense have occurred or, in the case of an offense comprised of a continuous course of conduct, on the day after that conduct or the defendant's complicity therein terminates." RSA 625:8, IV.

■■ Because "[t]he applicable statute of limitations provides the primary guarantee against bringing stale criminal charges," *State v. Tynan*, 132 N.H. 461, 463 (1989) (quotation omitted), we apply the doctrine of continuing offenses in limited circumstances. *See Toussie v. United States*, 397 U.S. 112, 115 (1970). An offense is not continuous "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one." *Id.*

■ The plain language of RSA 153:24 does not evince legislative intent to create a continuing offense. RSA 153:24 states that "[w]hoever shall violate any rule or regulation of the state fire marshal . . . shall be guilty of a violation if a natural person, or guilty of a misdemeanor if any other person." The statute does not refer to the statute of limitations or contain any explicit language compelling the conclusion that the crime it describes is a continuing one. The legislature could easily have included such language if it intended violating the State fire code to be a continuing crime. Because the legislature has not explicitly termed the violation of RSA 153:24 a continuing crime, we conclude that the first prong of the *Toussie* test is not satisfied.

Moreover, the nature of the offense is not such that the legislature must have intended it to be continuing. Crimes that are continuous in nature are those in which there is a "continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force however long a time it may occupy." *United States v. Midstate Co.*, 306 U.S. 161, 166 (1939). Thus, for instance, courts in other jurisdictions have found fraud and conspiracy to be continuing crimes. *See* 5 W. LAFAVE ET AL., CRIMINAL PROCEDURE § 18.5(a), at 719-20 (2d ed. 1999). There is nothing inherent in sloping a vent connector that makes failing to do so properly a continuing crime. *See Toussie*, 397 U.S. at 122. Sloping a vent connector refers to a discrete act, not a course of conduct. The vent connector's incorrect slope is merely the effect of the defendant's conduct, and is not itself either conduct or a course of conduct.

■ We hold, therefore, that the defendant's offense was not a continuing one and that the State's charges were untimely because they were brought over one year after the defendant's September 1996 act.

The State argues that the legislature's concern about fire and fire hazards requires that violations of the State fire code be treated as continuing crimes for limitations purposes. We find this argument unpersuasive.

While RSA chapter 153 undoubtedly reflects serious legislative concern about fire safety, "this fact alone is insufficient to justify construing violations of the Act as continuing offenses." *United States v. Del Percio*, 870 F.2d 1090, 1096 (6th Cir. 1989); *see also Toussie*, 397 U.S. at 123. We are not permitted "to construe offenses as continuing ones based upon our perception of the seriousness of the crime charged." *Del Percio*, 870 F.2d at 1096. Nor may we extend the statute of limitations so as to encourage compliance with the State fire code. If the legislature had wanted to provide a longer statute of limitations for violations of the State fire code, it could easily have done so. *See id.* It also could have determined that the harm resulting from failing to comply with the State fire code, or discovery thereof, rather than the regulatory violation itself, should trigger the statute of limitations. We decline the State's invitation to exercise this legislative function. *See id.*

In light of our opinion, the defendant's motion to correct the record is moot.

*Reversed.*

BRODERICK and NADEAU, JJ., concurred.