Hillsborough-southern judicial district
No. 2000-634

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH LeBARON

Argued: June 5, 2002
Opinion Issued: August 19, 2002

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Richard E. Samdperil*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Joseph LeBaron, appeals the felony sentence imposed upon him following his conviction for driving after having been certified a habitual offender. *See* RSA 262:23 (1993) (amended 2000, 2001). We affirm.

The record discloses the following facts. On September 21, 1999, a grand jury indicted the defendant for violation of RSA 262:23. The indictment alleged in pertinent part:

> [The defendant] did knowingly drive a motor vehicle upon a way of this State, to wit: Deerwood Drive, Merrimack, N.H., while his permit or privilege to drive was suspended or revoked after having been found to be an habitual offender, and while the order of the N.H. Department of Safety, Division of Motor Vehicles declaring [the defendant] to be an habitual offender and prohibiting such driving was still in effect . . . .

The defendant was convicted by a jury and sentenced to the house of corrections for twelve months and to probation for one year following release from incarceration. He now appeals, arguing that the trial court erred in imposing a felony sentence where the indictment did not charge, as an element of the crime, a prior misdemeanor motor vehicle offense or a driving under the influence offense, which the defendant contends is required under RSA 262:23 to make the charged crime a felony.

The defendant asserts that RSA 262:23 creates two classes of offense, one of which is a felony, the other a misdemeanor. He then argues, citing *State v. Shannon*, 125 N.H. 653, 666 (1984), that where the statute defining the crime sets forth two classes of offense, the indictment must sufficiently apprise the defendant which class of offense he is alleged to have committed. In addition, he argues that where the statute prescribes different punishments depending upon whether the defendant has certain prior convictions, the State must prove beyond a reasonable doubt the existence of those prior convictions.

We first address the defendant's contention that this case is controlled by our decision in an unpublished order, *State v. Russell*, No. 2000-116 (N.H. November 6, 2001). Because *Russell* decided a different issue from that presented here, we need not decide what precedential value, if any,

unpublished orders of this court should be accorded. The issue in *Russell* was whether paragraph III of RSA 262:23, in addition to excepting a class of defendants from the mandatory minimum sentence of paragraph I, also imposed a maximum sentence of one year for such defendants. *Russell* said nothing about whether paragraphs I and III, while admittedly authorizing different sentences, described separate substantive offenses with different elements. We therefore now address that issue.

The defendant's arguments rest on the premise that a prior conviction described in RSA 262:23, III is an element of a separate felony-level offense. The State, on the other hand, argues that such a prior conviction is merely a sentencing factor that need not be alleged in the indictment or proved beyond a reasonable doubt. The parties' arguments raise issues of both statutory construction and constitutional analysis. We must first determine whether the legislature intended to make the existence of a specified prior conviction an element of the offense or merely a sentencing factor. *Cf. Harris v. United States*, 122 S. Ct. 2406, 2411 (2002). If we conclude the latter, we must examine whether the State Constitution permits such a factor to be used in sentencing without having first been charged in the indictment and found beyond a reasonable doubt by the jury. *Cf. id.; Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998).

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. AmeriGas Propane*, 146 N.H. 267, 269 (2001) (quotation omitted). We interpret statutory language in accordance with its common usage and where such language "is plain and unambiguous, we need not look beyond the statute itself for further indications of legislative intent." *State v. Dixon*, 144 N.H. 273, 283 (1999) (quotation omitted).

To determine whether RSA 262:23 makes a prior conviction an element of the offense charged or merely a sentencing factor, we first look to the language of the statute itself. *Cf. Shannon*, 125 N.H. at 664. At the time of the offense for which the defendant was convicted, RSA 262:23, I (1993) (amended 2000), provided, in part:

> It shall be unlawful for any person to drive any motor vehicle on the ways of this state while an order of the director or the court prohibiting such driving remains in effect. If any person found to be an habitual offender under the provisions of this chapter is convicted of driving a motor vehicle on the ways of this state while an order of the director or the court prohibiting such operation is in effect, he shall be sentenced,

notwithstanding the provisions of RSA title LXII, to imprisonment for not less than one year nor more than 5 years.

RSA 262:23, III (1993) (amended 2001), which the legislature added in 1992, provided, in part:

Notwithstanding paragraph I, any person who qualifies under RSA 259:39, who does not have a conviction under RSA 265:82 or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI, shall not be subject to the minimum mandatory provisions of paragraph I; provided, however, that any such person may be sentenced to one year or less.

Thus, whether a defendant is subject to the mandatory minimum sentence of one year under paragraph I of the statute, or to a sentence of one year or less under paragraph III, depends upon whether the defendant has "a conviction under RSA 265:82 [driving under influence of drugs or liquor] or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI." RSA 262:23, III. For the following reasons, we conclude that such prior conviction is a sentencing factor and not an element of the offense.

First, the structure of the statute supports the conclusion that having a specified prior conviction is a sentencing factor. *Cf. Harris*, 122 S. Ct. at 2412-13; *Almendarez-Torres*, 523 U.S. at 230-35. The first sentence of paragraph I sets forth the prohibited conduct of driving after having been certified a habitual offender. Thus, we noted in *State v. Crotty*, 134 N.H. 706 (1991), decided before paragraph III was enacted, that the elements of the offense, including the *mens rea* specified in RSA 626:2, I (1996), are as follows:

A conviction on the charge of operation after certification as an habitual offender requires proof of three elements: (1) that an habitual offender order barring the defendant from driving a motor vehicle was in force; (2) that the defendant drove a motor vehicle on the ways of this State while that order remained in effect; and (3) that the defendant did so with knowledge of his status as an habitual offender.

*Crotty*, 134 N.H. at 710 (citations omitted). The next sentence explicitly reiterates the prohibited conduct and sets forth the sentence that may be imposed for conviction of such conduct.

Paragraph III, on the other hand, recites no prohibited conduct, but rather begins with the language "[n]otwithstanding paragraph I," indicating that it sets forth an exception to an otherwise applicable rule. *Cf.*

*Almendarez-Torres*, 523 U.S. at 231. Paragraph III then describes a class of defendants who shall not be subject to the minimum mandatory sentence provisions of paragraph I, and provides an alternate, more lenient, sentencing scheme for such defendants.

■The defendant would have us read paragraph III to define one offense, which is a misdemeanor, and paragraph I to define a separate felony offense with an additional element. We believe it unlikely, however, that the legislature would set forth an additional element of one substantive offense in the paragraph defining another substantive offense. Overall, the construction of RSA 262:23 supports the interpretation that there is only one substantive offense — driving after having been certified a habitual offender — that may carry a felony or misdemeanor sentence depending upon sentencing factors unrelated to the substantive offense itself.

■Secondly, "we note that the relevant statutory subject matter is recidivism. That subject matter — prior commission of a serious crime — is as typical a sentencing factor as one might imagine." *Almendarez-Torres*, 523 U.S. at 230. In light of this fact, and based upon our examination of the statute's language, we conclude that the legislature intended a specified prior conviction to be a sentencing factor and not an element of the offense. Having so concluded, we now must determine whether use of such a prior conviction as a sentencing factor is constitutional.

The defendant's constitutional arguments rest solely on Part I, Article 15 of the State Constitution. We therefore, "do not engage in a separate federal due process analysis, but rather cite federal authority as an aid to our analysis under the State Constitution." *State v. Landry*, 146 N.H. 635, 636 (2001) (citation omitted).

Part I, Article 15 of the New Hampshire Constitution provides in part:

> No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him . . . . No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . .

We have interpreted Part I, Article 15 as safeguarding "the right to indictment by a grand jury . . . for any offense punishable by imprisonment for more than one year," *State v. Erickson*, 129 N.H. 515, 518 (1987); *see also State v. Smith*, 144 N.H. 1, 4 (1999), which indictment "must give the

defendant enough information to allow him to prepare for trial, and it must include all of the elements which constitute the offense charged," *Shannon*, 125 N.H. at 664 (quotations and citations omitted). Part I, Article 15 also "entitl[es] a criminal defendant to a jury determination on all factual elements of the crime charged." *State v. Williams*, 133 N.H. 631, 633 (1990).

The issue before us is whether, notwithstanding the legislature's intent to make the existence of a specified prior conviction a sentencing factor, it nevertheless constitutes an element that the constitution requires to be set forth in the indictment and proved to the jury. The United States Supreme Court recognized a similar requirement under the Federal Constitution in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). That requirement was recently reiterated in *Harris*, 122 S. Ct. at 2413, as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, whether the statute calls it an element or a sentencing factor, must be submitted to a jury, and proved beyond a reasonable doubt." We conclude that our State Constitution affords at least as much protection as the Federal Constitution in this area. *Cf. State v. McLellan*, 146 N.H. 108, 113 (2001).

Significantly, the sentencing factor at issue here — a prior conviction — is explicitly excepted from *Apprendi*'s requirement of proof before a jury beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 490. The *Apprendi* Court carved out the narrow exception for recidivism as a sentencing factor in light of its decision in *Almendarez-Torres*. There, the Court concluded that "to hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to the punishment only." *Almendarez-Torres*, 523 U.S. at 244 (quotation and brackets omitted).

Many reasons have been propounded for the distinct treatment of recidivism, including that it "does not relate to the commission of the offense itself," *Apprendi*, 530 U.S. at 496 (quotation omitted), and that the prior conviction was itself obtained through procedures satisfying due process, *see Jones v. United States*, 526 U.S. 227, 249 (1999). Generally, our cases are consistent with these principles. We noted in *Smith*, 144 N.H. at 5 (citations omitted), for instance, that "[a] potential sentence enhancement based on prior convictions is not punishment related to the offense itself. Nor is it punishment for the prior convictions themselves. Rather, the extended term is punishment for the defendant's recidivism." We also observed, in *McLellan*, 146 N.H. at 113 (citation omitted), that "a prior conviction need not be alleged in the indictment, and generally need not be proved beyond a reasonable doubt as part of the crime charged."

The defendant cites a line of cases beginning with *State v. Adams*, 64 N.H. 440, 441-42 (1887), for the proposition that the State must allege and prove a prior conviction if conviction of the subsequent offense carries a heavier penalty. *See also, e.g., Cedergren v. Clarke*, 99 N.H. 421, 423 (1955); *State v. Doucet*, 106 N.H. 225, 225-26 (1965); *State v. Lantaigne*, 117 N.H. 266, 267 (1977). To the extent these cases may be inconsistent with our holding herein, they are overruled. We note that the statute prescribing the penalties for driving while intoxicated now explicitly requires a complaint to allege specified prior convictions for certain enhanced penalties to be imposed. *See* RSA 265:82-b, II (Supp. 2001). That statute is not affected by this decision.

For the foregoing reasons, we conclude that the defendant's prior convictions need not have been alleged in the indictment nor proved to the jury beyond a reasonable doubt. The elements alleged in the indictment were sufficient to subject the defendant to a felony sentence under RSA 262:23, I. We therefore affirm.

*Affirmed.*

BROCK, C.J., and DALIANIS, J., concurred.