Lebanon District Court
No. 2011-373

THE STATE OF NEW HAMPSHIRE

v.

DANIEL C. THOMPSON

Argued: November 8, 2012
Opinion Issued: December 21, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Kenna & Sharkey, P.A.*, of Manchester (*Bruce E. Kenna* on the brief and orally), for the defendant.

CONBOY, J. Following a bench trial in the Lebanon District Court (*Cirone*, J.), the defendant, Daniel C. Thompson, was convicted of driving while intoxicated (DWI), *see* RSA 265-A:2, I (Supp. 2012) (amended 2012), and was sentenced to enhanced penalties for a third offense. *See* RSA 265-A:18, IV(b) (Supp. 2012) (amended 2012). On appeal, he argues that the trial court erred in sentencing him for a third DWI offense because the State failed to submit evidence of his two prior convictions in its case-in-chief. We affirm.

The following facts are drawn from the record. The defendant was arrested and charged with DWI pursuant to RSA 265-A:2. The State's complaint alleged two prior DWI convictions. At the bench trial, the State did not enter evidence of the prior convictions in its case-in-chief. Ultimately, the court found the defendant guilty of DWI.

At sentencing, the State sought to admit evidence of the two prior convictions. The defendant objected, arguing that the State was required to submit evidence of the prior convictions during its case-in-chief. The trial court overruled the defendant's objection, accepted the evidence of the prior convictions, and sentenced him to enhanced penalties for a third DWI offense pursuant to RSA 265-A:18, IV(b).

On appeal, the defendant argues that RSA 265-A:18, IV requires the State to prove in its case-in-chief the existence of prior convictions upon which the State will rely to seek enhancement of the defendant's sentence for a subsequent DWI offense. Resolution of this issue requires that we engage in statutory interpretation. The interpretation of a statute is a question of law, which we review *de novo. State v. Etienne*, 163 N.H. 57, 71 (2011). In matters of statutory interpretation, we are the final arbiters of the legislative intent as expressed in the words of the statute considered as a whole. *State v. Langill*, 157 N.H. 77, 84 (2008). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

RSA 265-A:2, I, provides:

> No person shall drive or attempt to drive a vehicle upon any way . . . :

(a) While such person is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs; or

(b) While such person has an alcohol concentration of 0.08 or more or in the case of a person under the age of 21, 0.02 or more.

The penalties for a conviction of an offense under RSA 265-A:2, I, are set forth under RSA 265-A:18. In relevant part, RSA 265-A:18, IV provides: "Upon conviction of any offense under RSA 265-A:2, I . . . , based on a complaint which alleged that the person has had one or more [certain] prior convictions . . . , the person shall be subject to [enhanced penalties]."

The defendant argues that the plain language of RSA 265-A:18, IV requires the State to prove prior convictions in its case-in-chief. He points to the express requirement that prior convictions be alleged in the complaint. He contends that once alleged, the legislature "clearly expects" the State to prove the prior convictions in its case-in-chief. We disagree.

■■ There is no dispute that the State must prove all of the elements of an offense beyond a reasonable doubt. *See* RSA 625:10 (2007). However, "the United States Supreme Court [has] essentially held that a sentence enhancing statute based, in part, on prior convictions, is merely a penalty provision and does not create a separate crime or constitute a separate element of a crime." *State v. McLellan*, 146 N.H. 108, 113 (2001) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228-48 (1998)). "The [DWI] statute requires proof of prior conviction not as an element of the present charge, but rather as a predicate condition for enhancement of the sentence upon conviction for the present offense." *State v. Cardin*, 129 N.H. 137, 138 (1987) (decided under prior law). Because prior convictions are sentencing factors and not elements of a subsequent DWI charge, the State need not prove them in its case-in-chief. *See McLellan*, 146 N.H. at 113; *State v. LeBaron*, 148 N.H. 226, 230-31 (2002) (prior convictions, as sentencing factors, are exempt from the requirement of proof to a jury).

■■ The statute's express requirement that the State allege prior convictions in the complaint does not change this result. The language of the statute is plain and unambiguous: in order to subject a defendant to enhanced penalties upon conviction of a DWI offense, that conviction need only be "based on a complaint which alleged that the person has had one or more [certain] prior convictions." RSA 265-A:18, IV. We do not read this language to also require the State to prove the prior convictions in its case-in-chief. *See State v. Pessetto*, 160 N.H. 813, 816 (2010) (we do not add words to a statute that the legislature did not see fit to include).

■ The defendant also contends that the language of Section VI of RSA 265-A:18 (Supp. 2012) (amended 2012) supports his interpretation of Section IV of the statute. However, Section VI merely requires the imposition of certain penalties where a conviction under RSA 265-A:2, I, "is *not* based upon a complaint which alleges prior convictions as provided in paragraph IV, but the person is found to have had one or more such prior convictions." (Emphasis added.) This section does not support a conclusion that Section IV of the statute, which applies when the complaint *does* allege prior convictions, requires the State to *prove* prior convictions in its case-in-chief.

The defendant nonetheless observes that we have interpreted prior enactments of the DWI law to require the State to prove prior convictions in its case-in-chief, and he cites several cases in support. The defendant first cites *State v. Doucet*, 106 N.H. 225 (1965), *overruled by LeBaron*, 148 N.H. at 232, in which we stated that "the State must both allege and prove two convictions if the defendant is to be found guilty of driving a motor vehicle while under the influence of intoxicating liquor, second offense." *Doucet*, 106 N.H. at 225-26. The DWI statute in effect at the time did not expressly mandate such a requirement. *See* RSA 262-A:62 (Supp. 1965) (repealed 1981). However, we interpreted the statute in light of the common law rule that "[w]hen greater penalties are prescribed for a second offense or a subsequent offense, they cannot be imposed without allegation and proof of a prior conviction." *Doucet*, 106 N.H. at 226.

■ After consideration of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Almendarez-Torres*, we abandoned the rule applied in *Doucet*. *See LeBaron*, 148 N.H. at 231-32 (overruling *Doucet*). We now adhere to the rule that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, whether the statute calls it an element or a sentencing factor, must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 231 (emphasis added; quotation omitted); *see Apprendi*, 530 U.S. at 490. Thus, *Doucet* is inapplicable to our interpretation of RSA 265-A:18, IV.

The defendant next relies upon *Cardin*, in which we held that when a defendant stipulates to a prior DWI conviction, "the jury has no need to know of it." *Cardin*, 129 N.H. at 139. In that case, we instructed that "the trial judge is not to remove the issue [of a prior conviction] from the jury unless the defendant also clearly waives his right to require that the jury find it beyond a reasonable doubt." *Id.* The defendant argues that this requirement supports his interpretation of RSA 265-A:18, IV.

Importantly, the DWI statute interpreted in *Cardin* expressly required the State not only to allege prior convictions in the complaint, but also to prove them. *See Cardin*, 129 N.H. at 138; *see also* RSA 265:82-b, I(b) (Supp. 1986) (repealed 2006) ("Upon conviction based on a complaint which alleged that the person has had one or more prior convictions . . . which are proven . . . , said person shall be guilty of a misdemeanor . . . ."). After *Cardin* was decided, however, the legislature eliminated the express requirement that prior convictions be proven. *Compare* RSA 265:82-b, I(b) (Supp. 1986) *with* RSA 265:82-b, I(b) (Supp. 1987) (repealed 2006). Because RSA 265-A:18, IV, the current statute, does not contain such an express requirement, *Cardin* does not control our analysis.

The defendant also cites *State v. Lougee*, 137 N.H. 635 (1993), decided after *Cardin*. In *Lougee*, we again recognized that "unless the defendant clearly waives his right to present the issue to the jury, proof of the defendant's prior conviction must be made beyond a reasonable doubt as part of the State's case-in-chief." *Lougee*, 137 N.H. at 636. At the time *Lougee* was decided, the DWI statute no longer expressly required that prior convictions be proven. *See* RSA 265:82-b, I(b) (Supp. 1990) (repealed 2006). Nonetheless, in *Lougee*, we continued to interpret the DWI statute consistently with the common law rule set forth in *Doucet. See Lougee*, 137 N.H. at 636-37. As a result of our decision in *LeBaron* overruling *Doucet*, however, *Lougee* likewise does not control our analysis.

Finally, the defendant cites dicta in *LeBaron*. In *LeBaron*, we considered whether the habitual offender statute required the State to both allege and prove prior convictions to the jury. *See LeBaron*, 148 N.H. at 227-28. We concluded that it did not. *See id.* at 232. In dicta, we stated, "[T]he statute prescribing the penalties for driving while intoxicated now explicitly requires a complaint to allege specified prior convictions for certain enhanced penalties to be imposed. That statute is not affected by this decision." *Id.* (citation omitted). The defendant's reliance on this statement is misplaced. In noting that our decision in *LeBaron* does not affect the DWI statute, we referred to the legislature's express requirement that prior convictions be *alleged* in the complaint. *See id.* We did not read into the statute a requirement that the State also *prove* the convictions in its case-in-chief.

Based on the foregoing, we conclude that RSA 265-A:18, IV does not require the State to prove prior convictions in its case-in-chief. Accordingly, we hold that the trial court did not err in sentencing the defendant for a third DWI offense pursuant to the statute.

*Affirmed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.