**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0179, <u>State of New Hampshire v. Troy Burpee</u>, the court on February 18, 2015, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Troy Burpee, appeals his conviction following a jury trial in Superior Court (<u>Delker</u>, J.) on one count of operating a vehicle after having been certified as a habitual offender. We affirm.

On appeal, the defendant argues that the arresting officer's testimony that, after speaking to the defendant's girlfriend, he was "led to believe that [the defendant] had been driving" the vehicle at issue, was so prejudicial that limiting instructions could not cure the taint, and, therefore, a mistrial was required.

Before addressing the merits of the defendant's argument, we briefly address the State's contention that it is not preserved. The defendant argued in the trial court, as he argues on appeal, that the challenged testimony was so prejudicial that limiting instructions could not cure the prejudice. Although the defendant did not use the word "mistrial," the exchange made clear to the trial judge that a mistrial was sought. <u>See</u> <u>State v. Demeritt</u>, 148 N.H. 435, 439 (2002) (concluding that defendant's due process argument was preserved because, even though "defense counsel did not specifically state that the admission of the defendant's statement would violate his due process rights, the exchange made clear to the trial judge that due process was the basis of the objection"); <u>see</u> <u>also</u> <u>State v. Tarasuik</u>, 160 N.H. 323, 326-27 (2010).

Having concluded that the argument is preserved, we now address its merits. A mistrial is warranted when the circumstances indicate that justice may not be done if the trial continues to a verdict. <u>State v. Wells</u>, 166 N.H. 72, 76 (2014). "Mistrial is the proper remedy only if the evidence or comment complained of was not merely improper, but also so prejudicial that it constituted an irreparable injustice that cannot be cured by jury instructions." <u>State v. Guay</u>, 162 N.H. 375, 378 (2011) (quotation omitted). "The prejudicial effects of the inadmissible evidence must be such that the trial court cannot unring a bell once it has been rung." <u>Wells</u>, 166 N.H. at 77 (quotation, brackets, and emphasis omitted). The trial court is in the best position to gauge the prejudicial nature of the evidence or conduct at issue and has broad discretion to decide whether a mistrial is necessary. <u>See</u> <u>id</u>. at 76-77. "We will not overturn the trial

court's decision on whether a mistrial or other remedial action is necessary absent an unsustainable exercise of discretion." Id. at 77 (quotation omitted).

Here, a mistrial was not required. The trial court's curative instruction eliminated any prejudice that might have been caused by the officer's testimony. The trial court immediately instructed the jury that it was striking the inadmissible hearsay testimony from the record and that the jury should disregard it. The jury is presumed to follow the trial court's curative instruction. State v. Ploof, 165 N.H. 113, 119 (2013).

Moreover, the inadmissible hearsay was cumulative of admissible evidence. The defendant's friend testified that he told her that he had been drinking and driving "and that [he] drove off the road and into a ditch and he didn't want to be charged for it, so he wanted someone else to say that they were driving." The jury could have fully credited this testimony. Under these circumstances, we conclude that the trial court did not unsustainably exercise its discretion by issuing a limiting instruction instead of ordering a mistrial.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2