Hillsborough-northern judicial district
No. 2001-144

THE STATE OF NEW HAMPSHIRE

v.

PATRICK STICKNEY

Argued: May 16, 2002
Opinion Issued: August 19, 2002

*Philip T. McLaughlin,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Law Offices of Robert J. Moses,* of Amherst (*Robert J. Moses* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Patrick Stickney, appeals his conviction for driving after having been certified as a habitual offender. *See* RSA 262:23 (1993) (amended 2000, 2001). The defendant argues that the trial judge erred by: (1) improperly amending the indictment by not treating proof of a prior conviction as an element of the crime; (2) failing to charge the jury that the prior conviction must be proved beyond a reasonable doubt as an element of the crime; (3) denying the defendant's motion *in limine* to preclude the State from calling the defendant's prior attorney to identify him; and (4) denying the defendant's motion to dismiss and motion *in limine* alleging discovery violations. We affirm.

The following facts are not in dispute. On March 17, 2000, the defendant was arrested by an officer of the Antrim Police Department and charged with one count of operation of a motor vehicle after certification as a habitual offender. *See* RSA 262:23. On May 18, 2000, the defendant was indicted and the trial was scheduled for October 10, 2000. On October 6, 2000, the prosecutor obtained a packet of material from the division of motor vehicles relating to the defendant's certification as a habitual offender in 1993 (HO packet), which the prosecutor then faxed to defense counsel. The defendant subsequently filed a motion to dismiss the indictment because of discovery violations and, in the alternative, a motion *in limine* to preclude the introduction of the documents in the HO packet if dismissal were not granted.

On October 10, 2000, the court heard arguments on the pending motions, reconsidered its order denying the defendant's motion to continue, and continued the trial for two months. It also denied the defendant's motion to dismiss and indicated that the motion *in limine* would likely be denied if all requested discovery had been provided. The court later issued a written order which denied the motion *in limine,* but did not preclude the defendant from refiling the motion at trial.

One document in the HO packet contained what the State alleges is a typographical error, whereby the name of the defendant was replaced with the name of another individual at one place in the document. The hearings examiner testified that the error was the result of a failure to delete the

name of a previous alleged habitual offender from a word processing document. In order to dispel any doubt concerning the defendant's identity created by the inconsistency, the State announced shortly before trial its intention to call Attorney Paul Haley, who represented the defendant in the 1993 habitual offender hearing, as an identification witness. The defendant moved *in limine* to exclude Attorney Haley's testimony, and the court denied the motion.

A jury trial was held on December 11, 2000. Attorney Haley invoked the attorney-client privilege on the stand, but was instructed to testify. The defendant moved to dismiss at the close of the evidence on the grounds that the State had failed to prove the defendant's prior misdemeanor conviction, and requested in the alternative that the court instruct the jury that the State was required to prove beyond a reasonable doubt that one of the offenses leading to his habitual offender certification was a misdemeanor as alleged in the indictment. The court denied both motions, and the defendant was found guilty. He was then sentenced to two and one-half to five years in State prison, subject to partial suspension under certain conditions. This appeal followed.

■ We first address the defendant's argument that the alleged prior misdemeanor conviction is an element that the State is required to prove beyond a reasonable doubt. We today decided *State v. LeBaron*, 148 N.H. 226 (2002), and it addresses the defendant's arguments. In *LeBaron*, we held that the fact of a prior conviction is not an element under RSA 262:23. "[T]he legislature intended a specified prior conviction to be a sentencing factor and not an element of the offense." *Id.* at 230. In addition, we concluded that the due process guarantees of Part I, Article 15 of the State Constitution do not require the fact of a prior conviction to be proved beyond a reasonable doubt to convict under RSA 262:23. *Id.* at 232. Because the defendant's prior misdemeanor conviction is not an element of the offense requiring proof beyond a reasonable doubt, we need not address the defendant's argument regarding jury instructions.

We now turn to the ruling by the trial court that the identification testimony of Attorney Haley was not privileged. Attorney Haley was subpoenaed by the State to confirm that the defendant, a client of Attorney Haley at the time, was certified as a habitual offender at a public hearing in 1993. Attorney Haley's testimony concerned nothing more than the defendant's presence at the public hearing, a fact already disclosed to everyone present at that hearing. The defendant argues that such testimony is covered by the attorney-client privilege.

New Hampshire Rule of Evidence 502 sets forth the attorney-client privilege. The general rule, in pertinent part, is that "[a] client has a

privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." N.H. R. Ev. 502(b). "A communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." N.H. R. Ev. 502(a)(5).

The defendant cites to *Baird v. Koerner*, 279 F.2d 623 (9th Cir. 1960), for the principle that the attorney-client privilege should extend to the identification of a client by an attorney. "If the identification of the client conveys information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client, then the privilege should extend to such identification in the absence of other factors." *Id.* at 632. From this principle, the defendant argues that the attorney-client privilege applies to the testimony provided by Attorney Haley before the trial court. We disagree.

■ Attorney Haley's testimony merely identified the defendant as the person who attended the habitual offender hearing on July 15, 1993, and who was certified as a habitual offender. The mere fact that Attorney Haley represented the defendant at a public hearing does not cause his testimony to be covered by the attorney-client privilege. Although his representation of the defendant may be the reason that Attorney Haley, among the many who witnessed the public hearing, remembers that day and this defendant, this is mere happenstance. The jury was not asked to infer that the defendant had engaged in wrongdoing from the fact that the defendant procured the services of an attorney; rather, Attorney Haley was asked to identify the defendant as the person who was the subject of the 1993 hearing.

Finally, we address the defendant's argument that the trial court erred in denying the defendant's motion to dismiss and motion *in limine* for discovery violations. Due to delay by the division of motor vehicles in sending the HO packet to the prosecution, the defendant did not receive a copy of the HO packet until it was faxed to defense counsel on October 6, 2000. The trial was scheduled for October 10, 2000. The State conceded responsibility for the late discovery, but argued that the defendant sustained no prejudice. The defendant requested either dismissal or that the trial go forward with the HO packet excluded as a sanction. The trial court disagreed, allowed the defendant additional time for trial preparation and allowed the trial to go forward.

The defendant argues that the trial court erred by "delay[ing] the proceedings for a sufficiently lengthy period of time to allow a conclusion to be reached that the discovery disclosure, originally too late, could then be deemed timely and harmless." While acknowledging our concern that the sanction of dismissal with prejudice affords a criminal defendant a windfall, the price of which is paid by the public rather than the State, *see State v. Cotell*, 143 N.H. 275, 281 (1998), the defendant argues that dismissal was appropriate in this case and the trial court's decision to simply delay the trial and give the defendant time to prepare, rather than sanctioning the State, was an unsustainable exercise of discretion. The defendant argues that the failure to provide the HO packet "should have resulted in sanctions and, if not dismissal, then at least exclusion of the [HO packet]."

Assuming without deciding that a discovery violation occurred, we find that the defendant was not prejudiced by the late disclosure. In cases of prosecutorial negligence, the defendant must show that he was actually prejudiced by the prosecutor's discovery violation. *See Cotell*, 143 N.H. at 279. Actual prejudice exists if the defense has been impeded to a significant degree by the nondisclosure. *See id.* Here, the defendant was not prejudiced by the prosecutor's discovery violation. The defendant does not claim that continuing the trial for two months was insufficient to cure any impediment caused by the late disclosure, and in fact offers in his brief that "the Trial Court effectively cured the State's discovery violation . . . [by] allowing the Defendant more time to prepare to confront evidence against him." Although the admission of the HO packet may have made it more likely that the defendant would be convicted than if the HO packet had been excluded, this is not the kind of prejudice referred to in *Cotell*. "[U]nfair prejudice is not . . . mere detriment to a defendant from the tendency of the evidence to prove his guilt, in which sense all evidence offered by the prosecution is meant to be prejudicial." *State v. Cochran*, 132 N.H. 670, 672 (1990) (citations and quotations omitted). Accordingly, we conclude that there was no showing of unfair prejudice.

The defendant argues that it was the trial court's "failure to consider alternative sanctions and [its decision] to continue the matter . . . that constitutes error in this matter." While *Cotell* does state that a "trial court exceeds the proper bounds of its supervisory power to order dismissal of an indictment with prejudice when it fails to consider . . . less extreme sanctions," *Cotell*, 143 N.H. at 281 (quotation and brackets omitted), *Cotell* does not *require* a trial court to consider or impose sanctions when it orders procedural curative measures such as a continuance. In his brief,

the defendant argues that the "discovery order" in this case, for purposes of *Cotell,* is Superior Court Rule 98. When Rule 98 is violated, "the court may take such action as it deems just under the circumstances, including . . . granting a continuance of the trial or hearing." SUPER. CT. R. 98 J. We conclude that the trial court committed no error when it continued the case and denied both the motion to dismiss and the motion *in limine.*

*Affirmed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.