Merrimack
No. 2011-550

PROFESSIONAL FIRE FIGHTERS OF NEW HAMPSHIRE

v.

THE NEW HAMPSHIRE LOCAL GOVERNMENT CENTER

Argued: March 13, 2012
Opinion Issued: May 11, 2012

*Molan, Milner & Krupski, PLLC*, of Concord (*Glenn R. Milner* on the brief and orally), for the plaintiff.

*Preti Flaherty Beliveau and Pachios*, of Concord (*William C. Saturley* on the brief and orally), and *Nelson Kinder + Mosseau PC*, of Manchester (*Adam J. Chandler* on the brief), for the defendant.

LYNN, J. The plaintiff, Professional Fire Fighters of New Hampshire (PFFNH), appeals an order of the Superior Court (*McNamara*, J.) ruling that the defendant, The New Hampshire Local Government Center (LGC), was not required to provide certain meeting minutes under the Right-to-Know Law, RSA chapter 91-A. We affirm.

LGC produced the vast majority of the documents requested by PFFNH under RSA 91-A:4, I (2001 & Supp. 2011), but redacted certain portions under a claim of attorney-client privilege. Dissatisfied with the redacted records, PFFNH moved to compel LGC to produce the unredacted minutes of fourteen meetings that occurred between 2000 and 2009. PFFNH argued that the redacted portions should have been released because the oral communications of LGC's counsel occurred during meetings that were open to the public under RSA chapter 91-A, thereby defeating any claim of privilege. The superior court disagreed and denied the motion to compel. This appeal followed.

The plaintiff argues that the trial court erred in concluding that the attorney-client privilege survives when the minutes sought memorialize a discussion between a government body and its counsel during the course of a meeting that was required to be open to the public under RSA 91-A:2, I (Supp. 2011). The defendant argues that disclosure is not required in this instance under a straightforward application of settled attorney-client privilege principles.

█ Resolution of PFFNH's argument requires us to interpret RSA 91-A:5, IV, "which is a question of law that we review *de novo*." *ATV Watch v. N.H. Dep't of Transp.*, 161 N.H. 746, 752 (2011) (quotation omitted). We resolve questions regarding the Right-to-Know Law with a view to providing the utmost information in order to best effectuate the statutory and constitutional objective of facilitating access to all public documents. *Id.*

██ The Right-to-Know Law guarantees "[e]very citizen . . . the right to inspect . . . and to copy" all public records "except as otherwise prohibited by statute." RSA 91-A:4, I (Supp. 2011). Under RSA 91-A:5, IV, "confidential information" is exempt from the general disclosure requirement. The burden of proving whether information is confidential rests with the party seeking to avoid disclosure. *Hampton Police Assoc. v. Town of Hampton*, 162 N.H. 7, 14 (2011). Communications protected under the attorney-client privilege fall within the exemption for confidential informa-

tion. *Society for Protection of N.H. Forests v. Water Supply & Pollution Control Comm'n*, 115 N.H. 192, 194 (1975). The classic articulation of the privilege is as follows:

> Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser unless the protection is waived by the client or his legal representatives.

*Riddle Spring Realty Co. v. State*, 107 N.H. 271, 273 (1966) (citing 8 J. WIGMORE, EVIDENCE §§ 2292, 2327-2329, at 554, 634-41 (McNaughten rev. 1961)). New Hampshire Rule of Evidence 502 embodies that rule, providing that "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." N.H. R. EV. 502(b); *accord* N.H. R. PROF. CONDUCT 1.6(a) (prohibiting lawyers from revealing information "relating to the representation of a client").

A communication is "confidential" if it is "not intended to be disclosed to third persons other than those to whom disclosure is made in further-ance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *State v. Stickney*, 148 N.H. 232, 235 (2002); N.H. R. EV. 502(a)(5). If the commu-nicating person "reasonably believes that no one will learn the contents of the communication except a privileged person," then the communication will be protected from disclosure. RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 71, at 543 (2000).

PFFNH argues that LGC could not have reasonably expected that its communications with counsel were made in confidence because they occurred during the course of open meetings, and because LGC took no precautions to ensure the communications were private. PFFNH concedes, however, that no members of the public were present during the meetings. Because the ultimate touchstone is the speaker's reasonable expectation that the communications were made *in confidence*, the fact that the meetings were technically open to the public under RSA 91-A:2, I, is of no import. As the superior court aptly observed, "The fact that the meeting occurs in a public place does not destroy the privilege, if no one hears the conversation." LGC could have reasonably relied on the absence of public attendees to ask for the candid advice of counsel. Had members of the public been present, the conversation could have progressed differently. Thus, because no third persons were present at the meeting, LGC was not

required to take any further precautions — such as entering into executive session — to ensure the communications were private.

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.