NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

―――――――――――――――

Belknap
No. 2016-0318

THE STATE OF NEW HAMPSHIRE

v.

NATHANIEL KIBBY

Argued: April 19, 2017
Opinion Issued: August 15, 2017

Joseph A. Foster, attorney general (Geoffrey W.R. Ward, assistant attorney general, on the brief and orally), for the State.

David M. Rothstein, deputy director public defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, C.J. The defendant, Nathaniel Kibby, appeals an order of the Superior Court (Smukler, J.) unsealing pleadings, hearings and letters related to the status of counsel and unsealing motions for services other than counsel that he filed ex parte during the pendency of his case. We affirm.

I

The relevant facts follow. The defendant was indicted on more than 150 charges including kidnapping, criminal threatening, witness tampering, second

degree assault, criminal use of an electronic defense weapon, felonious use of a firearm, indecent exposure, falsifying physical evidence, sale of a controlled drug, aggravated felonious sexual assault, and felonious sexual assault.

According to the State, at a March 17, 2016 chambers conference, the defense raised an issue of status of counsel and requested that the court hold a closed, ex parte hearing on the matter. The State avers that the trial court informed the parties that it had received two letters from the defendant relevant to the status of counsel issue in the previous two days, that it had not sent the letters to the State, and that the letters were sealed in the court's file. However, according to the State, the court stated that it would entertain a motion to unseal the letters and the record of the ex parte hearing. On March 29, the defendant sent a third letter to the trial court.

On April 6, the State moved to unseal the letters and the record of the ex parte hearing. The defendant objected. The State avers that on April 12, the trial court held a closed, ex parte hearing and, thereafter, it notified the State that, on April 15, it had issued an ex parte sealed order on the status of counsel. On April 19, the State supplemented its earlier motion to unseal, requesting that the trial court "also unseal its April 15, 2016 Order on status of counsel and any underlying pleadings, communications or hearing records."

On May 10, the State requested that the trial court address its motion to unseal. On May 13 and on May 14, the defendant sent additional letters to the court. On May 23, the trial court ordered that "[t]he issue of whether the letters already submitted will be maintained as ex parte communications [would] be considered in the context of the pending argument on the state's motion to unseal," and that "[t]he defendant is placed on notice that any further communications made directly from him to the court will be immediately disclosed to all parties without further notice or opportunity for hearing."

On May 26, the defendant pleaded guilty to seven indictments. Following a plea colloquy, the trial court accepted the pleas and imposed sentence in accordance with the negotiated disposition. The State entered nolle prosequis on the remaining indictments.

On May 31, the trial court ordered:

1. Effective June 14, 2016, the record, all pleadings filed and all orders issued involving the defendant's correspondence with the court, including the correspondence itself, shall be UNSEALED, unless the court, upon motion, issues a contrary order before the effective date. Effective June 14, 2016, the record, all pleadings filed, the defendant's correspondence with the court, and all orders issued involving defense counsel's motion to withdraw shall be

2

UNSEALED, unless the court, upon motion, issues a contrary
order before the effective date. The unsealing of the subject
documents necessarily requires that the state be provided with
copies, which renders moot the state's motion to unseal.

2. Effective June 14, 2016, all remaining pleadings filed and
all remaining orders issued on an ex parte basis shall be served on
all non-filing parties, unless the court, upon motion, issues a
contrary order before the effective date. Effective June 24, 2016,
all ex parte pleadings and the orders issued in response thereto
shall be UNSEALED, unless the court, upon motion, issues a
contrary order before the effective date.

The trial court reasoned that "the rationale in support of the adjudication of
issues on an ex parte basis no longer appear[ed] to apply" because the pleas
resolved all pending criminal issues involving the defendant.

The defendant moved to reconsider. The court granted his motion as to
providing notice of its May 31 order to counsel appointed for a witness, and
denied the motion in all other respects. This appeal followed, and we granted
the defendant's motion to stay the trial court's order pending resolution of the
appeal.

II

The defendant first argues that the trial court erred "when it ordered, sua
sponte, the release of sealed pleadings, hearings and letters relating to the
status of counsel." As to the letters, the defendant asserts that the trial court's
order is erroneously "based on the premise that [he] either had no attorney-
client privilege with respect to the information he put before the court, or that
he waived the privilege by sharing the information with the court." As to the
pleadings and hearings, the defendant argues that even if they "do not include
privileged statements, they include content that is so closely associated as to
be privileged."

"The courts of New Hampshire have always considered their records to be
public, absent some overriding consideration or special circumstance." Petition
of Keene Sentinel, 136 N.H. 121, 126 (1992) (quotation and brackets omitted).
"Such access is critical to ensure that court proceedings are conducted fairly
and impartially, and that the judicial process is open and accountable."
Petition of Union Leader Corp., 147 N.H. 603, 604 (2002) (citations omitted).

"[T]here is a presumption that court records are public and the burden of
proof rests with the party seeking closure or nondisclosure of court records to
demonstrate with specificity that there is some overriding consideration or
special circumstance, that is, a sufficiently compelling interest which

3

outweighs the public's right of access to those records." Petition of Keene Sentinel, 136 N.H. at 128. "Where no special circumstances exist, however, those things which are filed in court in connection with a pending case are accessible to the public." Petition of Union Leader Corp., 147 N.H. at 604 (quotation omitted).

We require trial courts to employ the following process to balance the public's interest in access to court documents against any competing interest. First, "the party opposing disclosure of the document [must] demonstrate that there is a sufficiently compelling reason that would justify preventing public access to that document." Associated Press v. State of N.H., 153 N.H. 120, 136 (2005). Second, "the court [must] determine that no reasonable alternative to nondisclosure exists and use the least restrictive means available to accomplish the purposes sought to be achieved." Id.; see Petition of Keene Sentinel, 136 N.H. at 129-30.

The defendant argues that, in this case, the attorney-client privilege is a "compelling interest" that outweighs unsealing the records. "[T]he attorney-client privilege is an evidentiary rule allowing the attorney or client to withhold information shared in the course of the attorney-client relationship." Ettinger v. Town of Madison Planning Bd., 162 N.H. 785, 789 (2011); see N.H. R. Ev. 502(b). "A communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Prof. Fire Fighters of N.H. v. N.H. Local Gov't Ctr., 163 N.H. 613, 615 (2012) (quotation omitted). New Hampshire Rule of Evidence 502 essentially codifies the common law attorney-client privilege. Petition of Stompor, 165 N.H. 735, 738 (2013). That rule provides that "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, including communications between the client and his lawyer." Id. at 738 (quotation omitted); see N.H. R. Ev. 502(b).

The defendant asserts that the letters he sent to the trial court "contain information covered by the attorney-client privilege," because four of them "raised general issues about counsel's representation," and one letter "related specifically to the issue that was the subject of counsel's pleadings and two hearings." However, the defendant has the burden of justifying the confidentiality of every document sought to be sealed, and he cannot prevail upon his claim to keep the letters sealed merely by asserting a general claim that the record contains privileged attorney-client communications. See Petition of Keene Sentinel, 136 N.H. at 129; cf. Hampton Police Assoc. v. Town of Hampton, 162 N.H. 7, 16 (2011) (explaining that, in the context of the Right-to-Know Law, a "blanket assertion" of the attorney-client privilege "is generally extremely disfavored, and ordinarily the privilege must be raised as to each

4

record so that the court can rule with specificity" on the application of the privilege to particular statements (quotation omitted)). Rather, the privacy interests asserted must be "articulated with specificity." Petition of Keene Sentinel, 136 N.H. at 129. We conclude that the defendant has failed, as a matter of law, to meet his burden of demonstrating with specificity that the letters contain privileged communications sufficient to justify maintaining them under seal.

Regarding the pleadings and hearings on the status of counsel issue, the defendant argues that "they include content that is so closely associated [with privileged statements] as to be privileged." However, the trial court expressly found that the record does not contain the communications and the defendant does not contend that this finding was erroneous. As the trial court explained, it "appointed conflict counsel to represent . . . the defendant with respect to defense counsel's motion to withdraw[;] [t]hus, no unauthorized attorney client communications are part of the court record and, consequently, none will be disclosed by the order."

The defendant next argues that the trial court erred when it ordered "the release of sealed motions for services other than counsel and related orders." (Capitalization omitted.) See RSA 604-A:6 (Supp. 2016) ("[i]n any case in which appointed counsel seeks funds for services other than counsel . . . , the application for such funds may be filed with the court on an ex parte basis and may, upon the request of appointed counsel, be sealed until the conclusion of the representation"). The trial court unsealed the motions, reasoning that, because the case had concluded, "the concerns justifying sealing the records— primarily avoiding compromising the theory of a defense—have dissipated and no longer outweigh the public's right of access," particularly given that RSA 604-A:6 motions "involve expenditures of public funds."

The defendant agrees that the motions and orders are "judicial documents," that they "relate to how the trial court administered the services other than counsel statute, which is a core judicial function," and that "the level of public interest in these documents may be high." He contends, however, that the trial court unsustainably exercised its discretion when it unsealed the motions because his "equal protection rights" constitute a "sufficiently compelling interest" to overcome the public's right of access to such documents.

We assume without deciding that the defendant is correct that the statute "neither mandates nor creates a presumption that the documents be unsealed" after the case concludes, and that the trial court must balance the public's right of access to the documents against other compelling interests. Nonetheless, because the defendant concedes that unsealing the documents will not compromise his defense and that he seeks a ruling on this issue only for "future cases," we hold that he has failed, as a matter of law, to meet his

burden of demonstrating with specificity a compelling interest in this case to justify maintaining the motions under seal.  See Petition of Keene Sentinel, 136 N.H. at 129.

Affirmed.

HICKS, LYNN, and BASSETT, JJ., concurred.